IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIOREL ROTAR,

    Plaintiff,

    vs.                        No. CIV S-08-2399 MCE GGH PS

COLETTE SKAGGS, et al.,

    Defendants.         ORDER AND FINDINGS AND

                                          RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1 A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff has filed five previous actions in this court, three of which were dismissed on the merits based on many of the same claims against many of the same defendants sued in this action. To the extent the same law applies here, these previously adjudicated claims and defendants will not be re-litigated. The court will merely repeat the analysis already provided to plaintiff in the previous cases, and discuss it where applicable to newly named defendants.

In this latest version, plaintiff alleges that he and his wife worked for defendants Kabays under slave conditions at a residential care facility, that the Kabays falsely accused them of elder abuse there, and that criminal charges by other defendants were wrongfully brought against plaintiff. Plaintiff sues most of the defendants for their actions in both the previous criminal case and in later civil cases brought by plaintiff stemming from the original prosecution.

2

Plaintiff seeks monetary damages.  Plaintiff has brought similar claims against the following defendants previously in this court: Colette Skaggs (Civ.S.06-970, Civ.S. 03-552), Mike Sherlock (Civ.S. 07-0044), James Garbolino (Civ.S. 03-552), Richard Couzens (Civ.S. 06-970), Gregory Hollows (Civ.S. 07-0044)[1], Morrison England (Civ.S. 07-0044), Atilla Kabay (Civ.S. 07-0044), Tunde Kabay (Civ.S. 07-0044), Ekaterina Kabay (Civ.S. 07-0044), Sigismond Kabay (Civ.S. 07-0044).

The significant difference between these prior cases and the instant one is that after some of these cases were dismissed, plaintiff alleges that his conviction was reversed on

---

[1] Although a judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1), the undersigned finds no reason to recuse himself here, despite being named as a defendant.

Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse oneself and have another judge decide the matter. § 455(b)(5)(i).  Indeed, the statutory section heading provides that the judge "shall recuse himself."  However, when vexatious litigants sue multiple judges on multiple occasions, and use the court only for spite purposes naming whomever they please, especially highly placed government officials and judges, for whatever preposterous allegations they determine to allege, an assigned, but sued judge, has the duty to say, "enough is enough."  The Supreme Court has recognized that although the use of "shall" in a statute is normally mandatory, there will be situations where "practical necessity" permits the use of discretion even in the presence of a "shall."  Town of Castle Rock, Colo. v. Gonzalez, 545 U.S. 748, 761-62, 125 S.Ct. 2796, 2806 (2005): even where a statute commands that a person "shall be arrested," practical necessity permits the use of discretion.  The present situation demonstrates that if courts are not simply to be abused on the whim of litigants, a judge has discretion not to recuse when the facts of the situation allow for no other conclusion than that the courts are being abused.  Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on.  This action, and others filed by plaintiff Rotar have that very real potential.  The recusal statutes do not have to be applied to their illogical extreme.  United States v. Studley, 783 F.2d. 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks].")

See also Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985)(citations omitted): "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." See also Davis v. Kvalheim, 2007 WL 1602369 (M.D. Fla, 2007) (citing cases) (this case involved a judge who had been sued in the complaint at bar: "Davis has included the undersigned amongst the putative defendants in this case. Normally, being named as a defendant would require recusal: 28 U.S.C. § 455(b)(5)(I) provides that a judge shall disqualify himself when he is a party to the proceeding. However, such disqualification is not required where the litigant baselessly sues or threatens to sue the judge. In re Hipp, Inc., 5 F.3d 109 (5th Cir.1993); U.S. v. Grismore, 564 F.2d 929 (10th Cir.1977); Bush v. Cheatwood, 2005 WL 3542484 (N.D.Ga.2005). The allegations involving the undersigned are as frivolous as the remainder of the complaint, and recusal is therefore not required.

3

appeal and the case against him later dismissed.  Compl. at 11; Ex. 13 at 6, 10.

Insofar as defendants may have been involved in plaintiff's criminal prosecution, it now appears that unlike the previous cases brought by plaintiff and dismissed by the court, this case might no longer be barred by Younger v. Harris, 401 U.S. 37, 91 S. Ct. 760 (1971) or Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  According to plaintiff, he is no longer subject to pending criminal proceedings, and his conviction has been overturned.  Younger abstention doctrine applies when the following factors are present: "(1) ongoing state judicial proceeding;[2] (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings."  World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987).  It appears that there are no longer ongoing state judicial proceedings.

Heck determined that a civil rights action which implicates the validity of a criminal conviction cannot be brought until the conviction or sentence has been reversed on direct appeal.  Heck applies with equal force to bar civil rights claims which implicate the validity of pending criminal prosecutions.  See Harvey v. Waldron, 210 F.3d 1008 (9th Cir.2000).  Now that plaintiff's conviction has apparently been overturned, he may proceed with some of his claims unless otherwise precluded.

There are a number of other defects in the complaint, however.  Named as defendants are eight judges: Garbolino, Gadis, Couzens, Kearney, McElhany, Mendez, Hollows, and England.

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7, 98 S. Ct.

---

[2] Ongoing state proceedings include all proceedings that are judicial in nature. Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1002 (9th Cir. 1995).

1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  The two-part test of Stump v. Sparkman determines the broad scope of judicial immunity:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff complains of actions taken by judges in the performance of their normal functions and in their judicial capacity.  "A judge is generally immune from a civil action for damages."  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir.1996).  The immunity extends as well to actions for declaratory, injunctive and other equitable relief.  Id.  Only two exceptions apply – if the judge is acting clearly without jurisdiction or if the judge is not performing a judicial act.  Id.  Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights."  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-436, 113 S. Ct. 2167, 2171 (1993) (citation and internal quotation marks omitted).  Rulings during trial, hearings, and in response to pleadings constitute judicial acts.  See Sheppard v. Maxwell, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom); Barrett v. Harrington, 130 F.3d 246, 254-59 (6th Cir.(Tenn.) 1997) (collecting cases and finding letter to prosecutors a judicial act).  Therefore, these defendants should be dismissed.

Plaintiff has also sued deputy DA Skaggs for "filing charges without any probable cause."  Compl. at 16.  Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman

v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

The allegations against this prosecutor is that she filed charges without probable cause and prosecuted plaintiff without filing charges.  Based on these allegations, Skaggs is absolutely immune.  Therefore, this defendant will also be dismissed.

Next, the court addresses plaintiff's claims against "private actor" defendants, Atilla Kabay, Tunde Kabay, Ekaterina Kabay and Sigismond Kabay.  To the extent plaintiff wishes to allege a § 1983 claim against them, he must allege that these defendants acted under color of state law.  "Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action."  Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983) (articulating various tests or factors to determine when state action is 'significant' but noting absence of a specific formula) (citations omitted).  Even state approval of or acquiescence to private actions does not constitute "state action."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 53 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action.") (citations omitted).  The allegations against these private defendants are that "the entire murder case was fabricated by the state in order to protect [the Kabay's] slave business."  Compl. at 22.  Plaintiff also alleges that Atilla Kabay secretly videotaped plaintiff in the bathroom and the D.A.'s office used the tape to manufacture a case of elder abuse, and that the tape was falsified.  Id. at 6.  Even if these allegations constituted a cause of action, plaintiff fails to allege significant state involvement with these defendants' actions. Accordingly, he fails to state a claim under § 1983, and these defendants should be dismissed.

Although plaintiff might otherwise be given the opportunity to amend his claims against these private actors, he will not be permitted to do so in this case as he has been

repeatedly warned of the defects of his allegations in previous actions, and has not heeded the court's advice. See Orders filed February 9, 2007, and April 17, 007, in Rotar v. Placer County Superior Court, Civ.S. 07-0044 JAM EFB. Plaintiff is warned that if he continues to file complaints in this court which have already been adjudicated, he runs the risk of being declared a vexatious litigant and being forced to post a $10,000 bond before he may proceed with a new action.

Although plaintiff has named Robert Santos as a defendant, he has made no allegations against him, other than including his name in the caption.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Therefore, plaintiff will be permitted to amend the complaint as to defendant Santos.

Plaintiff has also named Roseville Police Officer Sherlock as a defendant, alleging that he testified regarding the arrest warrants, which contained different charges from the bench warrants, and were false. Compl. at 16-17. This allegation is extremely vague as to details, including dates and times and what the false charges allegedly were. Such allegations do not give fair notice to the defendants and does not state the elements of the claim plainly and

1  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

2  Plaintiffs must allege with at least some degree of particularity overt acts which
3  defendant engaged in that support plaintiff's claim.  Id.  The complaint's allegations are not
4  sufficient to put this defendant fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.
5  99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.
6  1995) (amended complaint with vague and scanty allegations fails to satisfy the notice
7  requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.
8  1990).

9  Plaintiff will be permitted to amend the complaint as to defendant Sherlock.

10  The complaint also names defendants Sharon Hicks, Chris Hicks, and Dave
11  Dodds, all allegedly employed by the Department of Social Services.  Plaintiff claims that both
12  Hicks defendants made a false report which does not match the police report.  Compl. at 17.
13  Plaintiff also alleges that Dodds issued "an accusatory preventing the employment base on non
14  existing conviction." [Sic].  Such allegations are similarly defective to those against defendant
15  Sherlock as they do not give fair notice to the defendants and do not state the elements of the
16  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
17  1984).  Plaintiff will be permitted to amend to provide more details surrounding his claims
18  against these defendants.

19  Plaintiff is informed the court cannot refer to prior pleadings in order to make an
20  amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
21  complete in itself.  This is because, as a general rule, an amended complaint supersedes the
22  original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
23  plaintiff files an amended complaint, the original no longer serves any function in the case.
24  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
25  alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
26  Cir.1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik

v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed, with leave to file an amended complaint against defendants Sherlock, Sharon Hicks, Chris Hicks, Dodds, and Santos only, within thirty days of this order which complies with the requirements of Federal law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS RECOMMENDED that defendants Skaggs, Garbolino, Gaddis, Couzens, Kearney, McElhany, Mendez, Hollows, and England be dismissed from this action with prejudice.

These findings and recommendations are submitted to the Honorable District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/23/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Rotar0970.fr.wpd