IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIOREL ROTAR,

    Plaintiff,

  vs.                                 No. CIV S-08-2399 MCE GGH PS

COLETTE SKAGGS, et al.,

    Defendants.              FINDINGS AND

                                                RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Before the court is plaintiff's amended complaint, filed July 15, 2009. After recommending dismissal of nine defendants, this court directed plaintiff to amend his complaint as to five remaining defendants, Santos, Sherlock, Sharon Hicks, Chris Hicks, and Dodds. Plaintiff's amended complaint does not correct the errors of which he was notified.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4 Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

As set forth in the court's initial screening order, plaintiff alleges that he and his wife worked for defendants Kabays under slave conditions at a residential care facility, that the Kabays falsely accused them of elder abuse there, and that criminal charges by other defendants were wrongfully brought against plaintiff.  Plaintiff sues most of the defendants for their actions in both the previous criminal case and in later civil cases brought by plaintiff stemming from the original prosecution.  Plaintiff seeks monetary damages.  Plaintiff has brought similar actions in

this court against many of the same defendants: Civ.S.06-970, Civ.S. 03-552, Civ.S. 07-0044.

In the amended complaint, plaintiff alleges that defendant Sherlock used manufactured bench warrants to arrest plaintiff and then later replaced these warrants with manufactured arrest warrants for probable cause. (Compl. at 3.) Plaintiff does not allege what the false charges allegedly were or why he believes the warrants were manufactured, and in what respect they were supposedly manufactured. The complaint makes only conclusory accusations such as, "[d]uring his testimonials during the trial, Mike Sherlock, acknowledged that his police report does not reflect the actual facts, in other words he wrote a false report." (Id.) Plaintiff gratuitously concludes without any stated basis whatsoever that "[t]herefore Mike Sherlock aided in the plan to terrorize and to murder Rotars by false imprisonment, by the false report, and by false testimony in court." (Id. at 4.)

In regard to the claims against Chris Hicks and Sharon Hicks, plaintiff has not cured the defects of the original complaint by responding to the court's directives to state the elements of the claim plainly and succinctly. Once again, plaintiff alleges only that these defendants issued a report which approved of the actions of plaintiff's supervisors, the Kabays. The complaint states, " by the report, Sharon Hicks and Chris Hicks approve slavery, as Rotars were never hired for the job, nevertheless had to perform duties beyond the duties indicated by title 22 governing such facilities." (Id. at 4.) It alleges that these defendants based their report on an attached police report which plaintiff claims was not attached. Finally, plaintiff claims that Sharon and Chris Hicks "[k]new that Rotars were not hired workers, and deliberately falsifying the report, aided to the common goal to cover up slavery and terrorize Rotars." (Id.) Such allegations are frivolous and do not give fair notice to the defendants of the claims against them.

The only allegation against defendant Dodds is that he "continued the terrorism and slavery by initiation an accusation banning for life Rotars working in a facility based on a criminal conviction which does not exists." [Sic] Plaintiff offers no explanation of how, when, where, and by what means this defendant banned plaintiff for life from working in a residential

care facility. These allegations do not state a claim with facial plausibility.

The complaint alleges against defendant Santos that when plaintiff requested a corrected record indicating no conviction and no bench warrants, Santos gave him one, but then when plaintiff later checked the records again, the bench warrants were listed again. Plaintiff does not allege how Santos was involved in this accusation, but concludes only that "Santos is deceiving that the warrants are removed..." (Id. at 5.)

Other than these implausible allegations, plaintiff makes other frivolous claims against former defendants who have been dismissed, including the undersigned and other judges, alleging that they aided in the plan to terrorize and murder the Rotars, and that they have now found themselves immune from "planning the terrorism and murder, aiding in terrorism and committing the murder." (Compl. at 1-2.) Plaintiff also alleges that the prosecutor (of his prior criminal case) set out to destroy him morally and physically and "succeeded in murdering Leonora Rotar. (Id. at 5.)

The aforementioned allegations do not contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. Because plaintiff was previously granted leave to amend for the very same reasons and was unable to cure the defects, he will not be permitted to amend a second time.

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the Honorable District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

\\\\\
\\\\\
\\\\\

1  and Recommendations." Plaintiff is advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).
4  DATED: September 21, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Rotar2399.dis.wpd

5